**DEAN, Plaintiff-Appellee, v. DEAN, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 549. Decided October 19, 1954.

George H. Smith. George R. Smith, Xenia, for plaintiff-appellee.
Messrs. Marshall, J. Carl Marshall, Miller & Finney, J. A. Finney, of Counsel, Xenia, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court decreeing a'divorce to the plaintiff-appellee upon the ground of extreme cruelty, awarding custody of the children and ordering a division of the property.

The first and third errors assigned relate to the sufficiency of the evidence, urging insufficient corroboration, and that the judgment is against the manifest weight of the evidence, citing §3105.11 R. C., which provides:

"A judgment for divorce or for alimony shall not be granted upon the testimony or admissions of a party unsupported by other evidence. No admission shall be received which the court of common pleas has reason to believe was obtained by fraud, connivance, coercion, or other improper means. The parties, notwithstanding their marital relation, shall be competent to testify in actions and proceedings under §§3105.01 to 3105.21, inclusive, R. C., to the same extent that any other witness might."

For the purpose of corroborating the charge of extreme cruelty two witnesses were called on behalf of the plaintiff. The first of these, one Harold Caraway, testified to the effect that he had seen the plaintiff driving live stock on the farm and "stuff like that," and also that the defendant had told him "the only thing between him and his wife was his temper." The other corroborating witness was one Fred Howell who had served as a laborer on the farm of these parties for a period of three years. He testified that on various occasions he had seen the plaintiff driving a tractor for the purpose of cultivation; that he had seen her doing this at a time when she was pregnant; that he saw her sorting hogs and cattle on the farm; that she had frequently helped in the fields; that he had heard the defendant swear at the plaintiff and children. However, on further examination the profane word with reference to the children was that he called them "brats and things like that." He could not recall any of the profane words used against the plaintiff.

Now the record discloses that the plaintiff had testified that she was compelled by the defendant to perform these labors and acts on the farm, but we are unable to find one scintilla of evidence in the record in corroboration of this fact, even the corroborating witnesses testified that it was customary for farmers' wives to voluntarily help on the farm at times. The corroborating testimony must pertain to material elements essential to the proof of the charge set out in the petition. · Brown v. Brown, 50 Abs 90. The acts of personal misconduct of the defendant, it appears, were acts of bad temper and sudden emotion. It does not appear that they were calculated to permanently destroy the happiness and peace of mind of the plaintiff. Under such circumstances it cannot amount to extreme cruelty.

"2. The term 'extreme cruelty,' as used in §11979 GC, is not limited in scope to acts of physical violence or the reasonable apprehension thereof,

but is sufficiently broad to encompass acts and conduct the effect of which is calculated to permanently destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relation intolerable." **Buess v. Buess, 89 Oh Ap 37, Syllabus, Par. 2.**

Mere incompatibility of temper without the premeditated and intentional course of misconduct intended to destroy the marital relationship is not a cause for divorce. 12 O. N. P. (N. S.) 601.

It is our conclusion that the evidence fails to corroborate the testimony of the plaintiff that the defendant is guilty of the charge of extreme cruelty.

We have considered the other errors assigned and find none well taken. For the reasons indicated the judgment will be reversed and cause remanded for further proceedings according to law.

WISEMAN. PJ, MILLER and HORNBECK, JJ, concur.